### BOARD OF PUBLIC INSTRUCTION OF DUVAL COUNTY v. DUVAL COUNTY BUDGET COMMISSION, et al.
No. 60-3148-E.

Circuit Court, Duval County.

September 14, 1960.

Elliott Adams, Jacksonville, for plaintiff.

O. O. McCollum, Jr., Jacksonville, for defendants.

WILLIAM H. MANESS, Circuit Judge.

This cause came on for final hearing after the parties, by their respective counsel, agreed to a waiver of the time required to bring said cause to issue and all notices required prior to final hearing, pursuant to which this court heard the testimony and evidence offered by plaintiff and defendants in support of the complaint and the answer, as well as the argument of counsel on defendants' motions attached to their answer and in support of their respective contentions on the merits. The court has also had the benefit of the views of the individual attorneys who were appointed amicus curiae, in order to expedite the final disposition of this cause without imposing any inordinate burden on other elected officials who are not necessary parties to this litigation but who might be affected by the results thereof.

The relief sought by the plaintiff, herein referred to as the "county board", is a declaration as to the rights and legal authority of the defendants, hereinafter referred to as the "budget commission", to reopen the approved budget of the county board, under the circumstances of this case.

The right of the county board to maintain this action is challenged by a "motion to dismiss" incorporated in the budget commission's answer, but any question as to the merits of that motion is made moot by the allegations of the answer which clearly show a justiciable issue sufficient to invoke the jurisdiction of this court under the provisions of chapter 87 of the Florida Statutes of 1957. Furthermore, the "Suggestion as to Parties" incorporated in the answer herein is without merit in law or in fact.

From the undisputed facts in the pleadings and from the evidence, this court finds that the county board submitted its proposed budget to the budget commission, as required by law, using the tax assessor's latest estimate of the total assessed valuation of non-exempt property in arriving at its estimated revenue from ad valorem taxes. The budget commission thereafter considered the proposed budget and on August 1, 1960, adopted and approved a budget of all receipts and expenditures for the county board, as required by law, and transmitted two copies of the approved budget to the county superintendent for transmission to the state superintendent (as required by the School Code). Before further action was or could be taken by the county superintendent or the county board, the county board was informed by the tax assessor that his latest and final estimate of the assessed valuation of the non-exempt property was and is to be $427,018,002 or $12,018,002 more than the estimate last previously certified and on which

the budget commission had necessarily relied in approving the estimated receipts from ad valorem taxes. Believing it to be entitled to have included in its budget the proceeds from a full 20 mills of taxes, as previously approved by the budget commission, and desiring to allocate the $228,342 additional funds which would now be available to "School Construction Funds", the county board adopted an appropriate resolution August 4, 1960, requesting the budget commission to reopen and reconsider its budget and make the desired change.

Upon receipt of this resolution, the budget commission advised the county board that except for the fact that it does not have legal authority to reopen and reconsider or amend the budget of the county board it would do so and make the desired changes. In declining to act favorably on the county board's resolution, the budget commission relies principally upon a theory based on the language of section 9, of chapter 21874, Laws of 1943 (Budget Commission Act), as construed by the Supreme Court of Florida in Chase v. Board of Public Instruction, 52 So. 2d 122, to the effect that once the budget commission has voted its approval of a budget for any of the various boards and public bodies whose budget of receipts and expenditures it controls, such approval is final, irrevocable, and has the same force and effect as if it then became an act of the legislature so far as the particular board or public body is concerned and the only power it thereafter has is to perform the functions given it under other provisions of law.

Neither the budget commission's powers, nor the authorities cited above should be so narrowly or strictly construed. Reason is the life of the law and reason and logic compel the conclusion that, in the course of time and human affairs, any deliberative body may have occasion for good and sufficient reasons to reconsider, alter, amend, correct or modify its action and (in the absence of a rule of such body to the contrary) so long as the rights of another body or other groups or persons have not intervened and become vested it can do so. Even where a rule of such body limits reconsideration such rule can be waived by unanimous consent or such lesser vote as may be specified.

Section 9 of the Budget Act and the Chase case, supra, must be considered and construed in the light of the entire budget making process provided by law, including the school code. The *finality* which the law attaches to approval of a budget by the budget commission, where such *approved budget* is given the "effect of fixed appropriations determined by the authority of law which shall not be altered or amended by any such board or officer or member thereof" *is a finality as between the budget commission and the county board*. In other words, where the

county board and the budget commission disagree, the budget commission has the last word under the law, and neither the county board nor any member thereof *acting independent of the budget commission* can avoid compliance with the approved budget.

The *finality* and binding effect of the approved budget operates both ways. Neither the budget commission nor the county board *acting independently*, can change an approved budget and the only limitation on their right (as two deliberative bodies) to change it by mutual consent during the budget making process is the passage of the approved budget to a point beyond the control of both. This has not yet occurred in this case. In fact, as between the county board and the state superintendent the budget is not final under the School Code. At this point, no rights of another body or other groups or persons have intervened, no millage has been certified and the budget making process is at a standstill at the same point it stood the day the budget commission voted its approval, because the county board's only action upon or since the receipt of the approved budget has been to ask the budget commission to reopen and reconsider the said approved budget. This the budget commission has the power and legal right to do, in its discretion, under the circumstances of this case.

In its determination that it is without legal authority to reopen and amend the budget it has heretofore approved for the county board, the budget commission also relied upon (and asserts in its answer) the contention that because the Budget Commission Act above-mentioned requires publication, notice and opportunity for public discussion of the proposed budget at a time and place not less than one week after such notice (and such *is* necessary to the validity of any tax or assessment in connection therewith) and because such has already been done as required by law, that a reopening and amending of the budget would invalidate the tax to be levied in connection therewith. Such contention accurately states the requirements of law but does not affect the power or legal authority of the budget commission to reopen or amend said budget as declared herein — suffice it to say, there is no legal impediment to republishing the budget with such changes as it may desire to make, giving notice of a new date, time and place for public discussion.

Other contentions asserted by the budget commission in its answer in paragraphs 7 through 7(h) do not constitute defenses to the relief sought herein. No useful purpose would be served by a detailed analysis of each but it should be observed that this litigation and other factors have operated to sidetrack the timetable of the school budget; but at this point the legal effect of the non-

observance of the various statutory dates in the budget making process is not an issue before this court. The affairs of government must go on and while delay may work hardships, both the county board and the budget commission are under a continuing duty to complete their part of the budget making process and finally approve and adopt a budget which will promote the best interests of the people of Duval County. In whatever action it now may take, the budget commission has a wide discretion under present circumstances because the county board has extended the invitation, in proper form, to reopen and reconsider its budget in the light of information not previously available to the budget commission.

Therefore, it is ordered, adjudged and decreed that the resolution of the county board dated August 4, 1960, filed herein as plaintiff's exhibit no. 3 (which has heretofore been presented to the budget commission) shall operate as an amendment to and a revision of the county superintendent's tentative budget and the county board's proposed budget and that by virtue thereof the budget commission is vested with and has the power and legal authority to reconsider its prior approval of the school budget, accept or reject the amendment to and revision of said tentative and proposed budget and is also vested with and has the power and legal authority to review, fix and adopt a budget to the same extent as though no budget had previously been approved by the budget commission.